IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 19 2011
CLERK, U.S. DISTRICT COURT
by_____
         Deputy

TAMMY PROCTOR, §
 §
          Plaintiff, §
 §
VS. § NO. 4:10-CV-915-A
 §
RES ICD, L.P. D/B/A INTEGRATED §
CONSTRUCTION AND DEVELOPMENT, §
 §
          Defendant. §

## MEMORANDUM OPINION
## and
## ORDER

Now before the court for consideration is the motion to compel arbitration and stay proceedings filed in the above action by defendant, RES ICD, L.P. d/b/a Integrated Construction and Development. Plaintiff, Tammy Proctor, filed a response, and defendant a reply. Having considered all of the filings by the parties, as well as the applicable legal authorities, the court that the motion to stay proceedings should be denied, but that the motion to compel arbitration should be granted and this case dismissed.[1]

---

[1] Defendant argues that arbitration is required under both the federal and Texas acts. As the court concludes that the Federal Arbitration Act requires arbitration of this case, it need not reach defendant's arguments under the Texas act.

I.

Background and Grounds of the Motion

Plaintiff initiated this action by the filing on November 23, 2010, of her original complaint, wherein she asserted claims and causes of action against defendant for wrongful termination on the basis of pregnancy in violation of the Pregnancy Discrimination Act of 1978, 42 U.S.C. 2000e(k), and the Texas Labor Code. Pursuant to a waiver of service agreement, defendant filed its answer on January 31, 2011. Defendant filed the instant motion on May 6, 2011.

The basis of defendant's motion is the following provision in an arbitration agreement plaintiff signed upon commencement of her employment with defendant:

> It is in the interest of [defendant] and their employees to resolve in a speedy and inexpensive way, any legal controversy that may arise. Therefore, other than a worker's compensation claim covered by insurance, no dispute between the companies and the undersigned, including but not limited to a claim for wrongful termination,, [sic] discrimination and/or harassment, and worker's compensation not covered by insurance, shall be the subject of a lawsuit filed in any state or federal court. Instead, any such dispute shall be submitted to arbitration in accordance with the rules of the American Arbitration Association ("AAA"). . . .

App. to Br. in Supp. of Def.'s Mot. to Compel Arbitration and Stay Proceedings at 3. Although plaintiff claims she does not

specifically recall signing the arbitration agreement, she acknowledges that the signature appears to be hers, and she does not otherwise dispute the authenticity of the agreement.

Plaintiff also does not dispute that her claims in this action are covered by the arbitration agreement. Instead, plaintiff contends that defendant waived its right to move for arbitration as a result of its involvement in the instant litigation, specifically because it filed an answer to plaintiff's complaint, participated in a settlement conference and Joint Status Report, and participated in written discovery. Plaintiff also argues waiver because defendant only recently raised the issue of arbitration, despite knowing of plaintiff's intentions as early as December 3, 2009, when she filed a demand letter and indicated her intent to pursue a claim of discrimination.

Defendant counters that none of the actions described by plaintiff are sufficient to constitute waiver or overcome the presumption in favor of arbitration.

II.

Analysis

A. Law Pertaining to Arbitration

The Federal Arbitration Act provides that a written

arbitration agreement "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. The Act further allows a party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" to petition the court for an order directing the parties to proceed to arbitration as provided in their agreement. Id. at § 4.

Consideration of a motion to compel arbitration requires the court to engage in a two-step analysis: the court must first determine whether the parties agreed to arbitrate the dispute in question, and then decide whether "legal constraints external to the parties' agreement" precludes arbitration of those claims. Walton v. Rose Mobile Homes LLC, 298 F.3d 470, 473 (5th Cir. 2002). Because there appears to be no dispute that plaintiff's claims are covered by a valid arbitration agreement, the court will focus on the second issue.

A strong presumption exists under federal law in favor of the enforceability of contractual arbitration agreements. Id. (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983)). Consequently, "[t]he burden on one seeking to prove a waiver of arbitration is a heavy one." Tenneco Resins, Inc. v. Davy Int'l, AG, 770 F.2d 416, 420 (5th Cir. 1985) (internal citation omitted). The question of waiver

4

depends on the facts of each case; however, the Fifth Circuit "indulge[s] a presumption against finding waiver." Walker v. J.C. Bradford & Co., 938 F.2d 575, 576-77 (5th Cir. 1991).

A party waives its right to seek arbitration when it "substantially invokes the judicial process to the detriment or prejudice of the other party." Id. at 577. This generally requires the party to "engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." Republic Ins. Co. v. PAICO Receivables, LLC, 383 F.3d 341, 344 (5th Cir. 2004) (internal citation omitted).

B.  Application of Law to the Facts

None of the actions taken by defendant that form the basis of plaintiff's waiver argument have been considered sufficient to waive a party's right to seek arbitration. Indeed, the Fifth Circuit has refused to find waiver where parties have engaged in the same activities and more prior to moving for arbitration. For example, no waiver was found where a defendant removed a case to federal court then, over the course of thirteen months, filed an answer, served plaintiffs with interrogatories and document requests, and participated in a court-ordered pretrial conference prior to moving for arbitration. Walker, 938 F.2d at 576-78.

Similarly, filing an answer, serving interrogatories and requests for production, moving for a protective order, and agreeing to a joint motion for continuance of the discovery period, along with a delay of eight months before seeking to compel arbitration, failed to constitute waiver. Tenneco Resins, 770 F.2d at 420-21. The court could continue with a list of the Fifth Circuit cases that have refused to find waiver despite a party's participation in litigation to the same or a greater extent as defendant here. However, the two cases cited as examples above sufficiently make the point: more than what plaintiff has presented is required to overcome the strong presumption in favor of arbitration.

Despite a significant number of Fifth Circuit cases discussing waiver, plaintiff cites only to Eleventh Circuit cases and to the Fifth Circuit's decision in Price v. Drexel Burnham Lambert, Inc., 791 F.2d 1156 (5th Cir. 1986), to support her waiver argument. The court finds Price distinguishable, as the actions that constituted waiver in that case--a seventeen-month delay, "extensive" discovery, filing multiple answers, participating in depositions, filing motions to dismiss and for summary judgment, and obtaining two extensions of pretrial deadlines--are not alleged here.

Nor can the court agree that defendant's failure to seek arbitration from the time plaintiff sent her demand letter up to the time she filed suit has any bearing on waiver. Again, the Fifth Circuit has spoken rather clearly on this subject: "[p]re-suit inactivity does not invoke the judicial process and cannot support a finding of waiver." Walker, 938 F.2d at 578.

Because plaintiff has failed to establish waiver based on defendant's invocation of the judicial process, the court need not consider if plaintiff has also shown prejudice. In Re Mirant Corp., 613 F.3d 584, (5th Cir. 2010). Nevertheless, it is clear that plaintiff has failed to meet her burden.

"Prejudice in the context of arbitration waiver refers to delay, expense, and damage to a party's legal position." Id. (internal citation omitted). Plaintiff has established none of these. Plaintiff again attempts to use the length of time between her demand letter and the time she filed suit to argue that she has been prejudiced by defendant's delay in seeking arbitration. Plaintiff cites no authority for this proposition. As the Fifth Circuit has refused to find waiver based on pre-suit activity, the court has no reason to believe such could support a claim of prejudice.

Plaintiff's other arguments as to prejudice are generally

reiterations of her waiver argument; that is, she has been prejudiced by defendant's delay in seeking arbitration. Plaintiff has cited no binding authority to support her contentions, and the court finds her arguments no more persuasive to support a finding of prejudice than to support waiver. Plaintiff also argues that she has been prejudiced because her counsel has expended seventy-eight hours of attorney time to litigate this matter, and arbitration will cause further delay and expense. Plaintiff's generalized complaints of the cost of delay are insufficient to show prejudice and overcome the strong presumption in favor of arbitration. <u>Walker</u>, 938 F.2d at 578.

Defendant has asked the court to stay the instant litigation pursuant to 9 U.S.C. § 3, which requires that on application of a party to the arbitration agreement, the court "shall" stay the proceedings pending the arbitration. The Fifth Circuit has determined, however, that dismissal, rather than a stay, is proper where all of the issues raised in the district court must be submitted to arbitration. <u>Alford v. Dean Witter Reynolds, Inc.</u>, 975 F.2d 1161, 1165 (5th Cir. 1992). All of plaintiff's claims and causes of action are covered by the arbitration agreement. Accordingly, the court concludes dismissal of this action, rather than a stay, is warranted. <u>Id.</u>

## III.

### Order

Therefore,

The court ORDERS that: (1) defendant's motion for stay be, and is hereby, denied; (2) defendant's motion to compel arbitration be, and is hereby, granted; (3) the parties arbitrate the issues presented in plaintiff's original complaint filed in this action; and (4) all claims and causes of action asserted by plaintiff, Tammy Proctor, against, defendant, RES ICD, L.P., d/b/a Integrated Construction and Development, be, and are hereby, dismissed.

SIGNED July 19, 2011.

_____
JOHN McBRYDE
United States District Judge